**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TIMOTHY J. HILL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>COMMISSIONER OF THE SOCIAL )<br>SECURITY ADMINISTRATION, )<br>)<br>Defendant. ) | Case No. CIV-10-1224-M |

## REPORT AND RECOMMENDATION

Plaintiff, Mr. Timothy J. Hill, seeks judicial review of a denial of disability insurance benefits (DIB) by the Social Security Administration. This matter has been referred for proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(B) and (C). It is recommended that the Commissioner's decision be reversed and remanded for further proceedings consistent with this Report and Recommendation.

### I.  Procedural Background

Mr. Hill filed his application for DIB on September 30, 2008, alleging a disability onset date of April 25, 2007. The Social Security Administration denied his application initially and on reconsideration. Mr. Hill testified at the subsequent administrative hearing. Following the hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. *See* Administrative Record [Doc. #12] (AR) at 9-21. The Appeals Council denied Mr. Hill's request for review. AR 1-5. This appeal followed.

## II. The ALJ's Decision

The ALJ followed the sequential evaluation process required by agency regulations. *See Fisher-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520; 416.920. The ALJ first determined that Mr. Hill had not engaged in substantial gainful activity since the alleged onset date. AR 14. At step two, the ALJ determined that Mr. Hill has the following severe impairments: degenerative disc disease and "status post cervical fusion." AR 14. At step three, the ALJ found that Mr. Hill's impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 15.

> The ALJ then determined Mr. Hill's residual functional capacity (RFC):
>
> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) in that the claimant can lift and/or carry ten pounds occasionally and less than ten pounds frequently. The claimant can sit in intervals of fifty minutes and can stand and/or walk in intervals of thirty minutes throughout an eight-hour workday. The claimant can perform occasional overhead reaching. He can drive a vehicle. The claimant should avoid concentrated exposure to work involving extreme cold, vibrations, unprotected heights, and dangerous machinery.

AR 15-16. Based on the RFC, the ALJ concluded that Mr. Hill is unable to perform his past relevant work as a tractor trailer truck driver. AR 20. At step five, however, the ALJ concluded that there are jobs existing in significant numbers in the national economy that Mr. Hill could perform, including call out operator, semi conductor loader bonder and casino surveillance systems monitor. AR 21.

**III.   Standard of Review**

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

**IV.   Analysis**

Mr. Hill contends that the ALJ erred in failing to apply the correct legal standard regarding medical improvement when the ALJ determined that Mr. Hill did not meet the twelve-month duration requirement following his initial cervical fusion and further that the ALJ's duration determination is not supported by substantial evidence. In a related claim,

Mr. Hill contends that the ALJ erred in placing too much weight on Mr. Hill's ability to attend college classes when determining that he was able to perform sedentary work.

On April 25, 2007, Mr. Hill injured his neck in an on-the-job traffic accident. AR 26. According to the interpretation of an MRI scan by Dr. Michael Hahn, Mr. Hill had large disc herniations on the right at C5-6 and on the left at C6-7 resulting in spinal cord compression and pain. On May 30, 2007, Mr. Hill underwent an anterior cervical discectomy and fusion at C5-6 and C6-7. AR 220-222.

On July 26, 2007, Dr. Hahn examined Mr. Hill at a follow-up appointment after surgery. Dr. Hahn stated that "if sedentary work existed at this time, he could return." AR 239. On August 23, 2007, Dr. Hahn determined that Mr. Hill had reached maximum medical improvement for purposes of his workers' compensation claim. Dr. Hahn's conclusion was based on a CT scan "which shows what appears to be good fusion within the cervical spine." AR 236. Dr. Hahn released Mr. Hill with a ceiling weight lifting restriction of "about thirty pounds" with "no significant pushing, pulling, climbing, crawling or stooping." *Id.* Dr. Hahn recommended that Mr. Hill be considered for vocational rehabilitation. *Id.*

After his initial neck surgery, Mr. Hill continued to have neck pain and intermittent numbness and tingling down his arms and into his hands. From 2007 through 2008, he continued to see his family physician, Dr. Kim King, regularly for pain management. AR 271-285. Because of Mr. Hill's continued pain, Dr. King referred Mr. Hill to Dr. Arthur H. Conley. In April 2009, Dr. Conley concluded based on new X-rays of the cervical spine that at C6-7, "there is a significant lucency and a question of solid fusion ever forming here." AR

346. According to Dr. Conley, Mr. Hill was experiencing "more residual pain and limitations in function and motion than the standard anterior cervical discectomy and fusion patient." *Id.* After a CT scan performed on new, more accurate equipment, Dr. Conley stated that at level C6-7, the neck had never fused and that Mr. Hill had pseudoarthrosis at that level. AR 342. Dr. Conley acknowledged that a previous CT scan taken four months after Mr. Hill's first surgery, appeared to show a solid fusion. Dr. Conley attributed the incorrect interpretation of the former CT scan to the "protocol using a 3mm thick slices" which required "a lot of volume averaging" whereas the "new data with millimeter thick cuts gives a much more accurate picture of reality and he clearly [has] not fused." AR 341.

On May 7, 2009, Dr. Conley performed a posterior cervical fusion at C6-7. Dr. Conley stated that the surgery was necessary because of "persistent symptoms, loss of range of motion, chronic pain . . . requiring pain medications." AR 337.

The ALJ found that Mr. Hill "did not meet the durational requirements following his initial cervical fusion performed on May 30, 2007." AR 18. Her conclusion was based on Mr. Hill's settlement of his workers' compensation claim and Dr. Hahn's medical release in August 2007. *Id.* But Dr. Hahn's medical release was based on the misleading results of the post-operative CT scan which appeared to show fusion at C6-7. In fact, as discussed above, there was never fusion at C6-7, and Mr. Hill continued to experience pain until after the second surgical procedure – the posterior cervical fusion. Moreover, the ALJ's statement that "there is no evidence of the resumption of active medical care for his neck until April of 2009," AR 18, is simply wrong. Between the two neck surgeries, Mr. Hill was regularly

seen by his family physician, primarily for continued neck pain. Unable to find relief, Mr. Hill underwent the posterior cervical fusion.

In finding that Mr. Hill was not disabled for at least twelve months after his initial surgery, the ALJ also relied on the fact that Mr. Hill was attending college classes. AR 18. Mr. Hill testified, however, that he was given special accommodations during the 50-minute classes and was allowed to leave the room if necessary. AR 33. Although the vocational expert compared attending classes to performing sedentary work, there is nothing in the record to suggest that Mr. Hill was attending classes every day for the equivalent of an eight-hour workday or that he could have performed a full time job even at the sedentary level. The ALJ properly considered Mr. Hill's school attendance as one factor in determining his ability to do sedentary work, but as the Tenth Circuit has held, the ability to attend school is not conclusive evidence that a claimant is not disabled. *See Gay v. Sullivan*, 986 F.2d 1336, 1339 (10th Cir. 1993).

In sum, the ALJ's determination that Mr. Hill did not meet the durational requirement for a closed period of disability between his first surgery in May 2007 and his second surgery in April 2009 is not supported by substantial evidence in the record. On that basis, the Commissioner's decision should be reversed and remanded for further proceedings.

## **RECOMMENDATION**

It is recommended that the Commissioner's decision be reversed and remanded for further proceedings consistent with this Report and Recommendation.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. § 636 and Fed.R.Civ.P. 72. Any such objections should be filed with the Clerk of the District Court by February 21st, 2012. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 30th day of January, 2012.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE